**SO ORDERED.**

**SIGNED this 16 day of August, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

JONG SUNG PARK and                                   CASE NO. 07-00385-5-JRL
KYUNG OK PARK,                                                  Chapter 7

    DEBTORS.

### ORDER

The matter before the court is the motion of AD Myers Builders, LLC's ("Myers") to enforce the settlement agreement. A hearing was held in Raleigh, North Carolina on August 4, 2010.

The debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 27, 2007. The case was converted to chapter 7 on June 13, 2007, and David M. Warren was appointed trustee ("the chapter 7 trustee"). Deluxe Cleaners of Durham, Inc. ("Deluxe"), a corporation owned solely by the debtors, filed for chapter 11 protection on February 12, 2007.[1] Shortly before the bankruptcy filings, Myers obtained a judgment against the debtors and Deluxe for $1,314,822.08. The chapter 11 trustee sold the majority of Deluxe's

---

[1] Deluxe's case was transferred to the Middle District of North Carolina on March 2, 2007, and given the case number 07-80327. John A. Northen was appointed as the chapter 11 trustee for Deluxe ("the chapter 11 trustee").

assets, and the sale proceeds were placed in escrow until the claims against the estate were resolved. Many of Deluxe's creditors were also creditors of the debtors and had competing claims against the sale proceeds.

Myers, States Resources Corp., Deluxe, the debtors, the chapter 7 and chapter 11 trustees, and Fashion Care, Inc. (a corporation wholly owned by the debtors) agreed to mediation, and on April 22, 2008, the parties reached a settlement. An order approving the settlement agreement was entered in the debtors' bankruptcy case on July 23, 2008.[2] Under the settlement agreement, the debtors were to make monthly payments under two promissory notes to States Resources Corp, with payment due in full by July 31, 2009. Default under the States Resources notes would constitute a default under a note executed in favor of the chapter 7 trustee, thereby entitling the chapter 7 trustee to liquidate the debtors' remaining assets. The debtors did not make the balloon payment on the States Resources notes, nor did they pay the $250,000 due to the chapter 11 trustee upon the final payment of the States Resources notes. Myers brings this action to compel the chapter 7 trustee to liquidate the debtors' assets and moves the court for an order finding the debtors in contempt of the order approving the settlement agreement. Further, Myers seeks permission to conduct discovery of the debtors and third parties alleging that the debtors willfully violated the terms of the settlement agreement by investing funds into new business ventures instead of fulfilling their obligations under the notes.

At the hearing the debtors were asked to provide evidence of their good faith attempts to fulfill their settlement obligations. Neither of the debtors testified. Instead the debtors offered

---

[2] See the order approving compromise of controversy, docket entry 106 in the debtors' bankruptcy case.

testimony from Nelson Harris, an attorney they hired to assist in refinancing the States Resources notes. Harris was contacted by the debtors in June of 2009, just over a month before the balloon payments were due. Harris testified that States Resources agreed to refinance the notes if the debtors could agree to terms with the chapter 11 trustee, who required the debtors to provide additional security for the refinanced notes of $300,000 unencumbered collateral or $500,000 of previously encumbered property. Asserting that they did not have access to such collateral, the debtors abandoned their attempts to negotiate with States Resources and defaulted on the notes. Meanwhile, the debtors spent approximately $477,000 to expand their drycleaning business. While they argued that the majority of the money raised for their new business ventures was obtained from family and friends, the debtors offered no explanation as to why they chose to raise money to expand their business rather than to fulfill their settlement obligations.

Based on the record, the court finds that the debtors did not attempt to comply with their obligations under the settlement agreement in good faith and directs the chapter 7 trustee to enforce the default remedy specified in paragraph 18 of the agreement within thirty days. However, no further action is to be taken by the chapter 7 trustee until a hearing is held on the pending motion to clarify the court's oral ruling on this matter.

**"END OF DOCUMENT"**